(No. 1596—

N. L. LINDLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1930.*

HINCHLIFF, MILLER & THOMAS, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant asks an award of $162.10 for damages to his automobile, loss of time suffered on account of personal injuries received and money paid out for physician's services. He charges in his declaration that on August 8, 1927, while his automobile was parked beside one of the concrete roads in Camp Grant a team of horses being driven by members of the Illinois National Guard became frightened and ran into his car damaging it and injuring him to such an extent that he lost nine days' work. No evidence has been introduced to support the claim and we might well deny it for that reason but we will put our decision on other grounds.

The declaration is not good—it does not state a cause of action. It does not allege claimant was in the exercise of

reasonable care nor does it state any facts from which such can be inferred. Neither does it charge the alleged injuries were caused by the negligence of the men in charge of the horses or state any facts showing negligence on their part. It is fundamental in pleading that where one seeks to recover in cases such as this against either a natural or corporate person he must allege and prove due care on his part and negligence on the part of the defendant.

Camp Grant is in the possession of the State and is used to give military training and instruction to the National Guard of the State. There is nothing in the declaration that in any way connects claimant with the Camp, either as an employee, a member of the Guard or otherwise. He was, at most, a mere licensee while on the grounds. The only duty the owner of premises owes a licensee is not to injure him wilfully or intentionally. (*Haye et al.* v. *State*, 5 Ct. Cl. 359 and cases there cited.) So far as this record shows the injuries to claimant were the result of an accident for which no one was responsible.

But if the declaration showed that claimant's damages were caused by the negligence of the men in charge of the horses it does not follow that the State is liable therefor. There is no statute making the State liable for the wrongful acts of the members of the National Guard, and in the absence of such law this court has no power to declare it liable for such acts. If, however, a member of the National Guard wrongfully injures any one, either negligently or wilfully, he is answerable to the party injured in the civil courts. The fact that he is a member of the Guard does not relieve him from his liability. If claimant has any cause of action for the injuries he received it is against the men themselves and not against the State.

The claim is therefore denied and the case dismissed.